IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUCIEN McARTHUR, #R33809, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-02238-SMY |
| | ) |
| DANIEL MONTI, | ) |
| JOHN DOE 1, and | ) |
| JOHN DOE 2, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lucien McArthur, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Centralia Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims that tactical team officers inflicted excessive force on him in violation of his constitutional rights and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff and other inmates on Centralia's South 1 housing unit were subjected to a shakedown on April 19, 2023 by the "Orange Crush" tactical team (Doc. 1, pp. 8, 12). Two officers, who had no name tags, were

1

assigned to each inmate. They strip-searched each prisoner; Plaintiff was the last person to be searched. Plaintiff, who is 61 years old, had just had shoulder surgery on April 4, 2023 and still had stitches in his left shoulder. While he stood naked before the John Doe Tact Team Officers 1 and 2, Plaintiff showed them the stitches. Plaintiff followed orders to dress and turn around. The officers ordered him to put his hands behind his back. Plaintiff protested that he could not be cuffed in that position because of his surgery. He requested a lieutenant, but was told none was available. Plaintiff again told the officers he was in extreme pain and could not be cuffed behind his back (Doc. 1, p. 12). The John Doe Officers forced Plaintiff's hands behind his back and cuffed him in that position, making his shoulder "pop" and bringing tears to his eyes because of the severe pain (Doc. 1, pp. 8, 12, 14).

Plaintiff was walked to the dining room and forced to sit with his hands cuffed behind his back for two hours in extreme pain. He asked for a lieutenant again, but his request was denied. Plaintiff observed two fellow inmates tell officers they were having trouble with their shoulders; they were then allowed to be cuffed in front even though they did not have a front-cuff permit (Doc. 1, pp. 12, 15-16).

After the shakedown finished, Plaintiff told a mental health provider about his ordeal; she documented the incident and apologized. The next day, April 20, 2023, Plaintiff had a follow-up visit to his orthopedic surgeon, who was shocked and apologized for not giving Plaintiff a permit to prevent him from being handcuffed behind his back (Doc. 1, pp. 8, 13). Plaintiff later received cortisone shots because of the pain inflicted by the John Doe Officers 1 and 2. He continues to have pain in the shoulder. The shakedown was recorded on camera (Doc. 1, pp. 13-14). Plaintiff attempted to obtain the names of the John Does 1 and 2 but his request was denied. Plaintiff raises Fourth, Eighth, and Fourteenth Amendment claims against the John Doe Officers and Eighth and

Fourteenth Amendment claims against Warden Monti for failing to prevent his officers' improper conduct (Doc. 1, pp. 9-10).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment excessive force claim against John Doe Officers 1 and 2 for inflicting severe pain on Plaintiff by forcing him into handcuffs behind his back on April 19, 2023, even though Plaintiff displayed his stitches and told the officers he could not place his arms behind his back because of his recent surgery.
>
> Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against John Doe Officers 1 and 2 for forcing Plaintiff into handcuffs behind his back on April 19, 2023, even though Plaintiff displayed his stitches and told the officers he could not place his arms behind his back because of his recent surgery.
>
> Count 3: Eighth Amendment deliberate indifference claim against Warden Daniel Monti for failing to ensure a Lieutenant was present during the April 19, 2023 shakedown and otherwise failing to ensure his staff would not violate Plaintiff's constitutional rights.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion[1]

### Count 1

"Correctional officers violate the Eighth Amendment when they use force not in a good

---

[1] Plaintiff's Fourth and Fourteenth Amendment claims are duplicative of the Eighth Amendment claims discussed below and are therefore dismissed. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (claims are to be analyzed under the most explicit sources of constitutional protections).

faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). Plaintiff alleges that he did not pose a threat and was not resisting. He further alleges that John Doe Officers 1 and 2 were fully aware that he had recently had surgery, still had stitches in his body, was in extreme pain, and was not able to put his arms behind his back, yet forced him into that painful position and left him in the rear handcuffs for two hours. Based on these allegations, Count 1 may proceed against the John Doe Officers 1 and 2. However, Plaintiff must identify them by name before they can be served with the Complaint.

**Count 2**

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* An objectively serious condition includes a condition that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff alleges that John Doe Officers 1 and 2 were aware of his post-surgery medical condition and his inability to move his arms behind his back to be handcuffed, yet they forced him into that position without regard to the risk of injury and pain. These allegations are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 2 against John Doe Officers 1 and 2.

**Count 3**

Plaintiff seeks to hold Warden Monti liable for the John Doe Officers' alleged misconduct because Monti was the "number one warden" at Centralia and should have ensured his lieutenants were available to prevent the actions described in the Complaint, and because Monti "is responsible for all Correctional Officers." (Doc. 1, p. 10). However, there is no supervisory liability in civil rights actions under § 1983. "[T]o be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff does not allege that Monti was present during the shakedown on April 19, 2023, or was otherwise aware of the John Doe Officers' alleged conduct at a time he could have intervened. As such, Count 3 and Defendant Monti will be dismissed from the action for failure to state a claim upon which relief may be granted.

**Unknown/John Doe Defendants**

Plaintiff is responsible for securing information aimed at identifying the Unknown/John Doe Tact Team Officers, in accordance with the John Doe Identification Order that will be entered separately. Once the names of the unknown defendants are obtained, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint. The current Warden of Centralia Correctional Center, in his/her official capacity only, will be added as a defendant for the purpose of responding to Plaintiff's requests for information regarding the identity of the Unknown Defendants.

**Pending Motion**

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **GRANTED IN PART**; service is ordered on the Centralia Warden and will be ordered against the John Doe

Defendants when Plaintiff identifies them by name.

## Disposition

The Complaint states colorable claims in Counts 1 and 2 against the John Doe Officers 1 and 2. Count 3 and Daniel Monti are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Centralia Correctional Center, in his or her official capacity, to the docket for purposes of identification of the unknown defendants.

The Clerk shall prepare for the Warden of Centralia Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues**

**stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: February 13, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel

has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.