**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

LUCIEN McARTHUR, #R33809,     )
                                    )
          **Plaintiff,**       )
                                    )
     **vs.**                     )     **Case No. 24-cv-02238-SMY**
                                    )
WARDEN, CENTRALIA CORR. CTR.,   )
JOHN DOE 1, and             )
JOHN DOE 2,                 )
                                    )
         **Defendants.**     )

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff Lucien McArthur filed this *pro se* action on September 27, 2024, alleging he was injured by two officers on the "Orange Crush" tactical team at Centralia Correctional Center who conducted a shakedown and strip-search. (Doc. 1). Upon threshold review of the Complaint, the Court allowed Plaintiff to proceed on the following claims (Doc. 10):

Count 1:     Eighth Amendment excessive force claim against John Doe Officers 1 and 2 for inflicting severe pain on Plaintiff by forcing him into handcuffs behind his back on April 19, 2023, even though Plaintiff displayed his stitches and told the officers he could not place his arms behind his back because of his recent surgery.

Count 2:     Eighth Amendment deliberate indifference to serious medical needs claim against John Doe Officers 1 and 2 for forcing Plaintiff into handcuffs behind his back on April 19, 2023, even though Plaintiff displayed his stitches and told the officers he could not place his arms behind his back because of his recent surgery.

The Centralia warden (currently Jeffrey Wehking) was retained as a defendant to assist in identifying the John Doe defendants (Doc. 10, p. 5; Doc. 15). Plaintiff and the warden exchanged information in attempts to identify the John Does. However, Plaintiff was not able to identify

1

these individuals by name, even after viewing photographs of officers on duty at the time (See Doc. 37). After Plaintiff reported he was not able to file a motion to substitute the actual names of the John Does, the Court ordered him to show cause why this case should not be dismissed and invited him to file a motion outlining any further steps that can be taken to identify the John Does (Docs. 36, 37).

Plaintiff responded to the Show Cause Order (Doc. 38) asserting Defendants acted in bad faith and obstructed justice because after he filed a grievance requesting preservation of video footage, they did not do so. He claims they failed to follow the IDOC Administrative Directive 05.01.104, which directs retention of digital media for two years when litigation is pending or anticipated (Doc. 38, p. 1). Plaintiff states his hands are tied and he has no other way to identify the defendants (Doc. 38, p. 2). He wants IDOC to be held liable for the training of their tactical team. *Id.*

As the Court explained in the merits review order, Warden Monti cannot be held liable in this § 1983 action as a supervisor of the correctional officers who allegedly violated Plaintiff's constitutional rights (Doc. 10). This case cannot proceed unless at least one of the John Doe officers is identified by name. As there does not appear to be any other avenue to identify the John Doe officers, this matter has come to a standstill. Accordingly, this case is **DISMISSED** without prejudice. The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C.

§ 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  November 12, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**